### 10434

### BABCOCK v. POSTAL TELEGRAPH-CABLE CO.

#### (103 S. E. 522.)

1. TELEGRAPHS AND TELEPHONES—EVIDENCE HELD NOT TO SHOW NECESSITY FOR CUTTING TREES ON RIGHT OF WAY.—In a landowner's action against telegraph company for damages for cutting trees upon its right of way, the defense that it had the right to cut trees interfering with its wires *held* not sustained by evidence; it appearing that the tallest trees cut did not reach the wires by three feet.

2. TELEGRAPHS AND TELEPHONES—EVIDENCE HELD TO SHOW INJURY TO ADJACENT PROPERTY BY CUTTING TREES ON RIGHT OF WAY.—In a landowner's action against a telegraph company for damages for leaving on its right of way dying trees cut down, causing the death of other trees beyond the right of way, a verdict for defendant on the theory that its right to cut trees interfering with wires had been properly exercised *held* unsupported by evidence.

Before WHALEY, J., County Court, Richland, October, 1919. Reversed.

Action by J. W. Babcock against the Postal Telegraph-Cable Co. From verdict for defendant, the plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Defendant had only an easement to use only so much of plaintiff's land as was necessary:* 72 S. C. 235; 60 S. C. 389; 63 S. C. 269. *Defendant liable for negligence or wilfulness in construction of line or in use of easement:* 93 S. C. 126. *There being no testimony upon which a reasonable jury could have based its verdict, a new trial should be granted:* 76 S. C. 326;

71 S. C. 154. *Value of trees destroyed is undisputed:* 89 S. E. 794 (N. C.); 79 S. E. 598 (N. C.); 88 S. E. 55 (Va.): 51 S. E. 63 (N. C.); 69 L. R. A. 631; 138 N. C. 533.

*Messrs. Lyles & Lyles,* for respondent, cite: *Owner of right of way has the right to exercise his discretion in clearing it:* 14 Cyc. 1210; 10 Gray 61; 69 Am. Dec. 304.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The evidence tends to show that the plaintiff is the owner of a tract of land near Columbia, over which the defendant has a line of wires held up by poles on the plaintiff's land. The defendant sent a gang of hands to clear out its right of way, and they cut down pine trees under the wires and in the sides of the line of posts. As soon as the plaintiff knew that the gang of laborers were cutting down the trees he protested. In spite of his protest, the servants of the defendant continued to cut until their purpose was accomplished. The small trees that had been cut down were not removed, but left to die where they fell. This action is brought for damages. The defendant set up that it had a right of way for which it had paid valuable consideration to the former owner. The only proof of the right of way was the presence of the wires and poles for more than ten years, and that it had aforetime cleared the land of obstructions to its wires. There are two causes of action stated in this complaint; the one for damages for cutting the trees, and the other for damages for leaving on the right of way dying trees that caused the death of other trees beyond the right of way.

1. The evidence to sustain the defense to the first cause of action is, to say the least of it, very doubtful. The

defendant only claimed the right to cut those trees that interfered with the wires. The lowest wire was 18 feet from the ground, and yet the defendant cut bushes 2 feet high. In the judgment of the agent of the defendant, only such growing trees as interfered with the wires were cut. Not a fact is given to sustain this belief. The tallest trees cut did not reach the wires by 3 feet. So this case would establish a rule that the defendant is the sole judge of the necessity to destroy the property of the plaintiff, and there is no authority for it.

2. The defense to the second cause of action is without a scintilla of evidence to support it. The evidence, and the uncontradicted evidence,, was that the natural effect of cutting pine trees in the spring and summer and leaving them to die on the land is to cause the death of other pine trees in the adjoining land outside of the right of way. There was not a word or testimony to the contrary. Even the defendant's witnesses admitted that pine trees outside on the right of way were dying.

We have been cited to no authority and we know of none that holds that in the exercise of a right of way over the land of another the owner of the right of way has the right to so use his right of way as to destroy adjacent lands. The evidence here shows, and it is also uncontradicted, that the plainiff's entire holding is seriously impaired for the purposes for which it is used by the destruction of his trees. It is also undisputed that this destruction outside of the right of way of the defendant is caused by the act of the defendant. There should be a new trial, because the defense is without any evidence to sustain it.

The judgment is reversed, and a new trial ordered.

MESSRS. JUSTICES WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY, *dissenting.* This is an action for damages alleged to have been sustained by the plaintiff

22—S. C. 114

through the "needless, wanton, and wilful trespass on the lands of the plaintiff, in cutting and destroying pine trees and bushes on plaintiff's lands, and in doing so at a time of the year which caused worms and insects to form in the cut timber, and to be communicated and kill the surrounding growth of trees." The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon numerous exceptions.

The exceptions are based upon the theory that "the evidence in the case on all the material points was practically undisputed, and left no issues of fact." It is only necessary to read the testimony to see that this theory is wholly untenable, and that every material issue was contested.

The rule when the facts should be submitted to the jury is thus clearly stated in 16 Enc. of Law (1st Ed.) 465, *et seq.*:

"The general rule is well known that questions of fact are to be submitted to the jury, and this includes not only cases when the facts are in dispute, but also when the question is as to inference to be drawn from such facts after they have been determined. It will readily be observed that few cases will arise where there is no question as to the facts involved. * * * The following rules may be stated as applicable to every case. The issue of negligence should go to a jury: (1) When the facts which, if true, would constitute evidence of negligence are controverted. (2) When such facts are not disputed, but there may be a fair difference of opinion as to whether the inference of negligence should be drawn. (3) When the facts are in dipute and the inferences to be drawn therefrom are doubtful."

This language is quoted with approval in *Wood v. Victor Mfg. Co.,* 66 S. C. 482, 45 S. E. 81.

There is no merit in the exceptions. For these reasons I dissent.

Mr. Justice Hydrick concurs.