## 10718

BABCOCK v. POSTAL TELEGRAPH-CABLE CO.

(109 S. E. 116)

1. ACTION—WRONGFUL INVASION OF RIGHTS WITHOUT JURISDICTION OR EXCUSE GIVES RIGHT OF ACTION.—The wrongful invasion of an admitted right in plaintiff without justification or excuse by defendant gives plaintiff a right to some damages.

2. TELEGRAPHS AND TELEPHONES—NECESSITY OF CUTTING TREES HELD QUESTION OF LAW.—In an action for cutting trees near defendant's telephone line, where there was no evidence that the cutting was necessary, the Court could properly decide as a matter of law that the trees were unnecessarily cut.

3. DAMAGES.— PROSPECTIVE USE OF TIMBER GROVE ELEMENT OF DAMAGES FOR DESTRUCTION.—In assessing damages for cutting trees in a timber grove, the jury might take into consideration the use to which the grove should be put; the measure of damages not being the value of the timber.

1. APPEAL AND ERROR—INVITED ERROR NO GROUND FOR REVERSAL.—
   A remark by the trial Judge, on ruling on a motion for a directed
   verdict, that the testimony was stronger than on a former hear-
   ing, *held* no ground for complaint on appeal; appellant having
   invited the remark by his motion, and not having asked for an
   exclusion of the jury.

Before WHALEY, J., County Court, Richland, September,
1920.    Affirmed.

Action by J. W. Babcock against Postal Telegraph-
Cable Co.    Judgment for plaintiff and defendant appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *No special
damages recoverable in absence of notice*: 79 S. C., 157.
*Judge stated act to be unlawful, which was charge on facts*:
99 S. C., 227.

*Mr. D. W. Robinson,* for respondent, cites: *Former de-
cision is law of the case*:    114 S. C., 321.    *Even if errone-
ous*:    100 S. C., 338; 92 S. C., 360; 65 S. C., 418.    *De-
fendant should have presented specific requests to charge*:
60 S. C., 22.    *Measure of damages for cutting trees*:    8 R.
C. L., Sec. 43, p. 480; 11 L. R. A., (N. S.), 936; 27 L. R.
A., (N. S.), 242; 15 L. R. A., 651; 113 S. C., 502; 113 S.
C., 111; 8 R. C. L., Sec 44., p. 481; 28 L. R. A., (N. S.),
759; 89 S. E., 794 (N. C.); 79 S. E., 598 (N. C.); 88 S.
E., 55 (Va.); 51 S. E., 63 (N. C.); 69 L. R. A. 631.
*Punitive damages*:    111 S. C., 329; 103 S. C., 477.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This case has been before this Court before, 114 S. C.,
319; 103 S. E., 522. Because of the peculiar circumstances
surrounding this case, it is not necessary to consider the
exceptions in detail. This Court held before "there should
be a new trial, because the defense is without any evidence
to sustain it." These facts stand out in the case and are
undisputed:

I. The plaintiff owned a small tract of land used as a hospital and grounds. A part of the grounds were taken up with a pine grove. Through this pine grove the defendant had a line of telephone poles. The defendant's servants went along the line of poles and cut as many trees as they saw fit. The defendant did not attempt to show any right on or in the premises except such as might follow necessarily from the presence of its poles and wires. The defendant did not attempt to show the extent of its rights. The easement may have been wide enough to enable it to use the ground actually occupied for the purposes for which it was used. The facts did not make out such an easement, because the defendant's servants cut down trees that did not interfere with the exercise of the defendant's use of the land. So we had an undisputed ownership in the plaintiff, an invasion of that right by the defendant beyond any limits suggested by the record. The wrongful invasion of an admitted right in the plaintiff without justification or excuse by the defendant gives the plaintiff a right to some damage, and no judgment that denied it could be allowed to stand. This Court said it could not stand, and directed a new trial. The only question as to actual damages was the amount. As a matter of law, the plaintiff was entitled to a verdict. The trial Judge was correct in directing a verdict for some actual damages.

II. The next assignment is that his Honor erred in charging that it had been found as a matter of law that the trees were unnecessarily cut. There was no evidence to show, or even an attempt to show, or even claim, that the cutting was necessary, and no evidence is a question of law.

III. The next complaint is that his Honor erred in telling the jury that they might take into consideration the use to which the grove should be put. The measure of damages for destroying a grove is not the value of the timber.

IV.  The last assignment of error is that, in ruling on the motion for a directed verdict in behalf of the defendant, the trial Judge said, in the presence of the jury, that the testimony in that case is stronger than on the former hearing.  The appellant cannot complain.  The appellant invited the remarks by his motion.  The remarks were necessary in order to decide the very question raised by the appellant.  The appellant not only invited the remarks, but did not ask for the exclusion of the jury, and it is now too late to complain.

The judgment is affirmed.